# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GIBBON PACKING, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No: 8:19-cv-547<br><br>**STIPULATED PROTECTIVE ORDER** |

Based on the agreement of the parties pursuant to Section VI(C)(4) of their Rule 26(f) Report and good cause shown, the following Stipulated Protective Order is hereby entered:

1. This Stipulated Protective Order shall govern all information, answers, documents, testimony, and other discovery materials produced by any party to the above-entitled action in response to any discovery request or otherwise disclosed pursuant to the Federal Rules of Civil Procedure.

2. Whenever, in the opinion of any party to this action, information, answers, documents, testimony, or other discovery materials would reveal information that such party ("the designating party") considers trade secret or other confidential research, development, or proprietary commercial information, the designating party shall have the right to designate such information as "CONFIDENTIAL" ("CONFIDENTIAL MATERIAL" or "CONFIDENTIAL"). The party to whom such CONFIDENTIAL MATERIAL is disclosed (the "receiving party") and its undersigned attorneys shall maintain the CONFIDENTIAL MATERIAL pursuant to the terms of this Stipulated Protective Order.

3. The designation of CONFIDENTIAL MATERIAL shall be made by marking each page of a document wherein such CONFIDENTIAL MATERIAL is contained with the words "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL." Any document, response to request for production, or any portion of any deposition transcript containing a designation of

CONFIDENTIAL information contained therein, and any copies, summaries, charts, or notes made there from, shall be deemed to be CONFIDENTIAL MATERIAL and treated as such pursuant to the terms of this Stipulated Protective Order.

## **DISCLOSURE OF CONFIDENTIAL MATERIAL**

4. CONFIDENTIAL MATERIAL may, for the purpose of this action, be disclosed to (i) the Court, (ii) any court reporters before whom deposition or other proceedings in this action are conducted, (iii) the attorneys for the parties, including such attorneys' stenographic, paralegal, clerical, and other employees who have direct, functional responsibility for the preparation and trial of these actions or any appeal there from, (iv) the parties, including present and former employees of the parties, (v) any fact witnesses in connection with preparation for or giving of his or her potential testimony in this action, and counsel for such witnesses, and (vi) expert witnesses or consultants employed in connection with these actions, including those working under the direct supervision of such expert witnesses or consultants. Disclosure to former employees, fact witnesses, and expert witnesses or consultants—as these terms are defined above—shall be made only in accordance with the procedure set forth in Paragraph 5 of this Stipulated Protective Order. The consent of the undersigned attorneys to this Stipulated Protective Order shall be deemed binding upon such attorneys' stenographic, paralegal, clerical, and other employees.

5. CONFIDENTIAL MATERIAL shall be disclosed to the parties, fact witnesses, and expert witnesses or consultants—as these terms are defined above—only under the conditions set forth below:

> Prior to disclosure of CONFIDENTIAL MATERIAL to any individual, the attorney making the disclosure shall advise that individual that, pursuant to this Stipulated Protective Order, such individual may not divulge the CONFIDENTIAL MATERIAL to any other person, and such individual shall execute a written Confidentiality Agreement in the form annexed hereto as Attachment A and subscribed by the attorney for the receiving party in the form set forth in Attachment A. A copy of each executed Confidentiality Agreement shall be maintained in the files of the receiving party and shall be available for review by all counsel and parties upon reasonable notice. Absent compliance with these conditions, no disclosure shall be permitted, unless otherwise ordered by the Court.

6. Whenever a deposition involves the disclosure of CONFIDENTIAL MATERIAL, the deposition or portions thereof shall be designated as confidential by counsel and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record whenever possible, but a party may designate portions of the depositions as containing CONFIDENTIAL MATERIAL after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the stenographer or court reporter of the completion of the transcript. Until thirty (30) days after receipt of the deposition transcript by counsel for the parties, the transcript and exhibits shall be treated as CONFIDENTIAL in their entirety, unless stipulated otherwise by the parties on the record during the deposition.

7. Use of all CONFIDENTIAL MATERIAL designated pursuant to this Stipulated Protective Order shall be limited to the above-captioned action and such material shall not be used in connection with any other action or for any purpose unrelated to this action. The provisions of this Stipulated Protective Order, however, shall not apply to a designating party's own use of such material designated as CONFIDENTIAL by such party.

8. Any party may object to the propriety of the designation of the specific material as CONFIDENTIAL by serving a written objection on the designating party or its counsel. If the non-designating party objects in accordance herewith, and the designating party fails to agree to remove or modify the designation in accordance with the objection, then the objecting party may within thirty (30) days, move the Court for an Order to declare such material not CONFIDENTIAL. If such motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. The prevailing party on such motion shall be entitled to recover the expenses of making or opposing such motion from the losing party should the Court determine that the losing party did not act in good faith in designating or opposing the designation of CONFIDENTIAL information. In any proceeding before the Court, the designating party shall bear the ultimate burden of demonstrating to the

Court's satisfaction sufficient factual and legal grounds to justify the protection of the documents or information at issue.

9. CONFIDENTIAL MATERIAL may be filed with the Court only to the extent reasonably necessary to support motions or other matters related to the litigation. If any CONFIDENTIAL MATERIAL must be filed with the Court, such CONFIDENTIAL MATERIAL shall be filed under seal, restricted access, or redacted, as appropriate.

10. At the conclusion of this action, including all appeals there from, counsel for each receiving party shall assemble and either destroy or return to counsel for the designating party all CONFIDENTIAL MATERIAL (including all copies, extracts, abstracts, charts and summaries of such material, whether written or otherwise recorded).

11. The use of CONFIDENTIAL MATERIAL as evidence at hearing shall be subject to such order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.

12. No part of the restrictions imposed by this Stipulated Protective Order may be terminated, except by written stipulation executed by counsel for each designating party, or by an order of this Court for good cause shown. This Stipulated Protective Order is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information. The final disposition of this action shall not relieve any person who has received CONFIDENTIAL MATERIAL from the obligations imposed by this Stipulated Protective Order.

13. The production of privileged or protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other proceeding. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness,

and/or segregation of privileged or protected information before production. Any party who discloses documents that are privileged, protected, or otherwise immune from discovery shall, promptly upon discovery of such disclosure, advise the receiving party and request that the documents be returned. The receiving party shall return such produced documents or certify their destruction, including all copies, within fourteen (14) days of receiving such written request. The party returning such produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

14. In the event either party discovers that it has produced CONFIDENTIAL MATERIAL that has not been designated as "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL" as set forth in Paragraph 2, that party may, within thirty (30) days of the discovery of such production, designate the materials as "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL" by subsequent notice in writing specifically identifying the materials and furnishing the correct designation, in which event the parties shall henceforth treat such materials as CONFIDENTIAL MATERIAL in accordance with this Stipulated Protective Order, and shall use their best efforts to retrieve any disclosure, dissemination, or use of such materials that occurred prior to re-designation.

15. This Stipulated Protective Order shall not prohibit any party from disclosing CONFIDENTIAL MATERIAL to any court within the territory of the United States pursuant to a court order. In the event that a party has notice of proceedings that may lead to such a court order, that party shall promptly notify the designating party of the location and nature of those proceedings and of the CONFIDENTIAL MATERIAL potentially implicated, so that the designating party may intervene to prevent, or place conditions on, disclosure of the CONFIDENTIAL MATERIAL. In the event an order for production is issued, prior to such disclosure, the party required to disclose the CONFIDENTIAL MATERIAL will provide the designating party with prompt notice of the court order and will identify the information or documents affected by the court order.

16.     The parties agree to honor this Stipulated Protective Order even if the Court has not executed the Stipulated Protective Order.

Dated: April 6th, 2020

BY THE COURT:

_____
Michael D. Nelson
United States Magistrate Judge

APPROVED AS TO FORM AND SUBSTANCE:

**FAEGRE DRINKER BIDDLE & REATH, LLP**

/s/ Jacob D. Bylund_____
Jacob D. Bylund, NE #24859
jacob.bylund@faegredrinker.com
Shannon L. Sole*
shannon.sole@faegredrinker.com
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

Amy L. Waite*
amy.waite@faegredrinker.com
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

*Admitted *pro hac vice*

**ATTORNEYS FOR PLAINTIFF GIBBON PACKING, LLC**

**JOSEPH P. KELLY**
**United States Attorney**
**District of Nebraska**

/s/ Robert L. Homan_____
ROBERT L. HOMAN, #18580
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Telephone: (402) 661-3700
Facsimile: (402) 661-3081
robert.homan@usdoj.gov

**ATTORNEYS FOR DEFENDANT UNITED STATES OF AMERICA**

# ATTACHMENT A

# CONFIDENTIALITY AGREEMENT

I,_____, do solemnly swear that I have been provided with the Stipulated Protective Order ("Order") entered in the matter entitled *Gibbon Packing, LLC v. United States of America*, which is pending in the U.S. District Court for the District of Nebraska ("Court") as Case No.: 8:19-cv-547 (the "Lawsuit"), and hereby agree to comply with and be bound by the terms and conditions of the Order, unless and until modified by further order of the Court or agreement of the parties.

I will not disclose to any individuals, other than those specifically authorized by the Order of the Court, any information designated pursuant to the Order as "**CONFIDENTIAL**" or **"CONFIDENTIAL MATERIAL"** which is disclosed to me and will not copy, use, or disclose any information so designated, except for purposes of the pending Lawsuit.

By: _____

Name: _____

Title: _____